ENERGY CONVERSION DEVICES, INC., Petitioner,

v.

Harry F. MANBECK, Jr., Commissioner of Patents and Trademarks, Respondent.

Civ. A. No. 90–1048.

United States District Court, District of Columbia.

June 8, 1990.

Sandra Achenbach Sellers, Washington, D.C., for petitioner.

Fred Earl McKelvey, U.S. Patent & Trademark Office, Trademark Trial & Appeal Bd., Arlington, Va., for respondent.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on Energy Conversion Devices, Inc.'s (ECD) petition for a writ of mandamus or in the alternative for review of the denial of a petition submitted to defendant seeking to remove a specific patent examiner. Upon consideration of the petition, respondent's opposition, a hearing held on May 17, 1990, and post-hearing memoranda filed by both parties, the Court denies the petition.

This action arises out of an alleged incident which had its genesis in 1984. Stanford R. Ovshinsky, an inventor working for petitioner, filed a patent application along with Subhendu Guhu, another scientist. That application was rejected in 1985. The junior examiner on that patent, Eric Fallic, indicated that the primary examiner, William D. Larkins, had made the decision to reject. Mr. Ovshinsky's counsel contacted Examiner Larkins and set up a personal interview. Dr. Guha, Examiner Larkins, and counsel met on or about November 22, 1985. Petitioner claims that at that meeting Examiner Larkins made derogatory and derisive remarks about Ovshinsky. Examiner Larkins also allegedly made comments about Ovshinsky's lack of credibility within the scientific community.

Petitioner asserts that in spite of this behavior, which it considers to be a breach of the duty of the Patent Office to refrain from even the appearance of impropriety, it did not file a complaint or make any comment to the Patent Office about Examiner Larkins's alleged behavior. 15 C.F.R. § 735-7.

ECD has filed another Ovshinsky patent.[1] This patent, '336, is in the field of amorphous silicon photo detection devices, which are used in facsimile and photocopy machines. The patent was examined by Examiner Martin H. Edlow and was issued on October 27, 1987.

On August 2, 1988, a request for reexamination was filed by a third-party alleging unpatentability over certain prior art references. Reexamination of a patent may be requested by anyone, and must raise a substantial new question of patentability. 35 U.S.C. 303(a); 37 C.F.R. § 1.510(b)(1). Examiner Edlow determined that the prior art cited raised a substantial new question of patentability and instituted a reexamination proceeding. During the first reexamination, plaintiff amended claim 1 and cancelled claim 17, and added new claims 21–52. Examiner Edlow determined that claims 1–16 and 21–52 were patentable and issued a reexamination certificate on January 16, 1990.

In November 1989, a second request for reexamination was filed by the same party alleging unpatentability of claims 37–52. Meanwhile, Examiner Edlow had retired and the second reexamination had to be reassigned. It was reassigned to Examiner Larkins on January 23, 1990. He determined that the prior art cited raised a substantial new question of patentability and instituted a second reexamination.

Petitioner then sought to remove Examiner Larkins because of the previous encounter. Petitioner related the circumstances of the previous encounter to the Commissioner's Office and took the position that Examiner Larkins should be re-

---

**1.** The patent names two inventors; Ovshinsky is one of them.

moved. The Commissioner's Office declined action. Petitioner filed a formal petition. The petition was returned as an improper submission. On March 8, 1990, petitioner filed for reconsideration. Among other requests, petitioner specifically asked that the second reexamination be assigned to an unbiased examiner and that any information or documents relating to Examiner Larkins's participation be expunged from the file. On April 24, 1990, the Special Assistant to the Assistant Commissioner for Patents entered a decision on the petition for reconsideration. The decision denied the request for the removal of Examiner Larkins, stating that the record failed to show that Examiner Larkins was personally biased against Ovshinsky and unable impartially and objectively to conduct the second reexamination of the patent at this time.[2] The decision also denied petitioner's request to expunge the records of all documents created by Examiner Larkins, but it did state—as petitioner had requested—that all evidence of the request to remove Examiner Larkins would be removed from the reexamination file and stored in the Office of the Assistant Commissioner for Patents until the termination of the reexamination. No information about the request would be passed on to Examiner Larkins. The decision also denied a request to stay the period of time in which petitioner could file a statement in the pending reexamination and denied the request that the Special Assistant's decision be deemed final.[3]

While petitioner was petitioning the Office of the Commissioner, it was sitting on its rights in the ongoing reexamination proceeding. Section 304 and federal regulations allow a patent owner to file a statement on the new question of patentability for consideration in the reexamination within two months of the date of the order to reexamine. 35 U.S.C. § 304; 37 C.F.R.

§ 1.530(b). The order for reexamination was issued on January 23, 1990. It specifically set out the two-month limitation on the response period. Plaintiff never filed such a statement.

On April 27, 1990, Examiner Larkins confirmed the patentability of claims 1–16, 21 and 23. He rejected the remaining claims (claims 22 and 24–52).

Petitioner argues that Examiner Larkins's alleged personal bias against Ovshinsky violates the standards of professional conduct required by the Department of Commerce's regulations. 15 C.F.R. § 735–1 *et seq.* Petitioner further claims that Examiner Larkins's April 27, 1990, decision reflects that bias and reflects some sort of communication between the Commissioner's Office and Examiner Larkins. Accordingly, petitioner asks the Court to issue a writ of mandamus to remove Examiner Larkins.

Mandamus is an extraordinary remedy which is available only when review by other means is not possible. *Kerr v. United States District Court,* 426 U.S. 394, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976); *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70, 78 (D.C. Cir.1984). 28 U.S.C. § 1361 allows a district court to have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The All Writs Act, 28 U.S.C. § 1651, gives all courts established by Congress the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Three requirements must be met for the exercise of mandamus jurisdiction under 28 U.S.C. § 1361: (1) the existence of

---

**2.** The decision noted that "[n]o evidence of personal bias towards Mr. Ovshinsky is apparent nor alleged by petitioner to reside in any paper record in the [earlier] application file." The decision further noted that there was no record of any personal bias of Examiner Larkins toward Ovshinsky over the last four to five years since the alleged remarks. However, the decision did state that such remarks would not meet

the high standard of professional conduct that an examiner should maintain.

**3.** The Office of the Commissioner determined that the issue of bias could be reviewed on its merits at the conclusion of the reexamination proceeding.

a clear statutory right on behalf of the petitioner; (2) the absence of discretion on the part of the government official or employee charged with the correlative duty; and (3) the inadequacy of any other remedy. *Trahan v. Regan*, 554 F.Supp. 57 (D.D.C.1982), *vacated in part on other grounds, Tierney v. Schweiker*, 718 F.2d 449 (D.C.Cir.1982). The All Writs Act also requires the absence of alternative remedies. *See Telecommunications Research & Action Center v. FCC*, 750 F.2d at 78.

■ The Court finds that petitioner has not shown an absence of other available remedies. Under the statutory scheme for the reexamination of patents, petitioner has several alternatives. Petitioner had the opportunity to file a statement on the decision that a substantial new question of patentability was raised, but did not do so. Although petitioner chose not to file within the time limits, it appears that petitioner may still prosecute the claims in the patent and any other claims that are within the scope of the patent claim via proposed amendments. 35 U.S.C. § 305. Petitioner's remedies do not end there. Once the examiner makes a final decision pursuant to the procedures established under 35 U.S.C. § 132, and § 133, petitioner may appeal the final decision of the patent examiner to the Board of Patent Appeals and Interferences. If still dissatisfied with the results, petitioner may seek judicial review under 35 U.S.C. §§ 141–145; 35 U.S.C. § 306. Any evidence of bias could be ferreted out in this multi-step process.

Petitioner, however, argues that Examiner Larkins's bias cannot be resolved through this process and that the decision of the Office of the Commissioner is final. Petitioner's position places the respondent in a difficult position. Respondent cannot defend or ask Examiner Larkins to explain or exonerate his alleged statements without justifiably causing some potential bias. Thus, respondent is forced to look at the record for bias, which it did not find. There being no non-discretionary duty owed by respondent to petitioner, the Court will not use its mandamus powers to order the removal of Examiner Larkins. Peti-

tioner has several other potential remedies which it should pursue. Accordingly, it hereby is

ORDERED, that the petition for a writ of mandamus is denied.

That requested relief having been denied, and it being clear that the Special Assistant's decision of April 24, 1990, is non-final (and would not be reviewable in this Court if it were final), for the reasons stated in [Respondent's] Motion To Dismiss (which does not appear to have been opposed), it hereby further is

ORDERED, that the case is dismissed.

SO ORDERED.